**Rolf NIEUWEJAAR; Gerd Nieuwejaar, husband and wife, Plaintiffs-Appellants,**

v.

**NATIONSTAR MORTGAGE, LLC; et al., Defendants-Appellees.**

No. 16-35387

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2017 *

Filed November 1, 2017

Jill J. Smith, Esquire, Attorney, Natural Resource Law Group, PLLC, Seattle, WA, for Plaintiffs-Appellants

Cody M. Weston, Attorney, Perkins Coie LLP, Portland, OR, for Defendants-Appellees

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Rolf Nieuwejaar and Gerd Nieuwejaar appeal from the district court's judgment dismissing their action alleging a Truth in Lending Act ("TILA") claim for rescission. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed the Nieuwejaars' action as time-barred because the Nieuwejaars did not send a notice of rescission to defendants within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, — U.S. ——, 135 S.Ct. 790, 792, 190 L.Ed.2d 650 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). We reject as without merit the Nieuwejaars' contention that the subject loan transaction was not consummated.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

